T.C. Memo. 2011-3

UNITED STATES TAX COURT

EDWARD E. SLINGSBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23613-08L.                    Filed January 4, 2011.

Edward E. Slingsby, pro se.

<u>Jason W. Anderson</u> and <u>Robyn R. Gilliom</u>, for respondent.

MEMORANDUM OPINION

MORRISON, <u>Judge</u>:  The IRS filed a lien to collect the
federal income-tax liabilities of petitioner Edward E. Slingsby
for the years 1999, 2001, and 2002 and to collect penalties for
filing frivolous returns for 2002, 2003, and 2004.  Slingsby
requested an administrative hearing with the IRS Appeals Office.

He received adverse determinations.  He now appeals those determinations to the Tax Court.

For the years 1999, 2001, 2002, 2003, and 2004, various companies reported on Forms W-2, Wage and Tax Statement, that they had paid wages to Slingsby.  The companies also reported that they had withheld federal income-tax from Slingsby's wages. For each of the years 1999, 2001, 2002, 2003, and 2004, Slingsby filed a Form 1040, U.S. Individual Income Tax Return, on which he reported that he earned zero wage income.[1]  He also reported that the companies had withheld federal income tax.  Using the Forms W-2, the IRS determined that Slingsby had earned taxable income. It assessed income-tax liabilities for 1999, 2001, and 2002.[2]

---

[1]The Form 1040 that Slingsby mailed to the IRS for 2004 is not in the record.  The Appeals Office determined that the Form 1040 reported income-tax withholdings but no wages.  Slingsby does not dispute this characterization of his return.

[2]Before the IRS can assess a deficiency in income tax, it generally must issue the taxpayer a notice of deficiency.  Sec. 6213(a), I.R.C.  The IRS contends that Slingsby received notices of deficiency for 1999, 2001, 2002, 2003, and 2004 and therefore is barred by sec. 6330(c)(2)(B), I.R.C., from contesting his underlying tax liabilities for 1999, 2001, and 2002.  Slingsby claims that he received no notices of deficiency except for the notice for 2003, which would mean that he is entitled to challenge his underlying tax liabilities for 1999, 2001, and 2002.  We need not determine whether the notices of deficiency were received because, as discussed below, Slingsby's sole challenge to his underlying tax liabilities is that the Forms W-2 are invalid, and that challenge is unmeritorious.

In response to the notice of deficiency for 2003, Slingsby filed a Tax Court petition seeking a redetermination of the deficiency.  The resulting case, docket No. 27943-07, was the
(continued...)

The IRS also assessed penalties against Slingsby for filing frivolous returns for the years 2002, 2003, and 2004.

To collect Slingsby's income-tax liabilities for 1999, 2001, and 2002 and Slingsby's liabilities for the frivolous-return penalty for 2002, 2003, and 2004, the IRS filed a lien against Slingsby's property. By filing the notice of federal tax lien, the IRS triggered Slingsby's right to request a hearing under section 6320.[3] In his hearing request Slingsby wrote that the reason he disagreed with the filing of the lien was: "miscalculation of taxes and penalties". The IRS Appeals Office held a telephone hearing with Slingsby on August 7, 2008. In the telephone hearing, Slingsby argued that the Forms W-2 were invalid. During the telephone hearing, the Appeals Office responded that Slingsby's challenge to the validity of the Forms W-2 was frivolous and would not be considered.[4] In two related written decision letters, the Appeals Office determined the filing of the lien was appropriate.

---

[2](...continued)
subject of an Oral Opinion on Sept. 25, 2008.

[3]All section references are to the Internal Revenue Code (Code).

[4]The Appeals Office also informed Slingsby that it believed he had already had an opportunity to contest the liabilities and that therefore the amounts of the liabilities were not at issue in the hearing. It is unclear whether the Appeals Office was referring to Slingsby's liabilities for income taxes, Slingsby's liabilities for frivolous-return penalties, or both types of liabilities.

Slingsby appealed these determinations by filing a petition with the Court.  At the time he filed the petition, Slingsby was a resident of Illinois.  The parties (i.e. Slingsby and the Commissioner of Internal Revenue) executed a stipulation of facts and a supplemental stipulation of facts.  The Court hereby incorporates these as its findings of fact.

Before this Court, Slingsby continues to argue that the Forms W-2 were invalid.  Slingsby reasons that the companies that issued the Forms W-2 were not required to do so because they are "private enterprises incorporated under the laws of the several states party to the U.S. Constitution".  The idea that private enterprises are exempt from wage reporting is based upon Slingsby's misconstruction of sections 6051(a), 3401(d), 7701(a)(26), and 3121(e) and (h).  For example, section 7701(a)(26) provides:  "The term 'trade or business' includes the performance of the functions of a public office."[5]  Slingsby argues that this provision means that a "trade or business"

_____

[5]Sec. 7701(a)(26) is relevant to Form W-2 information returns because of the provisions of secs. 3101, 3102, 3402, and 6051.  Sec. 3101(a) and (b) imposes Federal Insurance Contributions Act tax on wages received by employees.  Sec. 3102(a) requires employers to withhold amounts from wages to pay the sec. 3101 tax.  Sec. 3402(a)(1) requires every employer to withhold amounts from wages to pay the federal income tax of the employee.  Sec. 6051(a) requires every person who is required to withhold a tax under sec. 3101 or 3402 and every employer engaged in a "trade or business" who pays for services performed by an employee to furnish the employee an information return for each year.  The information return must include the total amount of wages paid.  Sec. 6051(a)(3).

includes <u>only</u> a public office.  This argument is baseless. Slingsby's other arguments regarding these Code provisions make so little sense that we find it difficult even to explain them. We agree with the Appeals Office that Slingsby's arguments are frivolous.  We conclude that the Appeals Office did not err in making its determinations.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.