GLENN L. SNOW, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Snow v. Comm'r
Docket No. 5675-10L.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 68; April 18, 2011, Decided
*68 Glenn L. Snow, Petitioner, Pro se.
For Respondent: Martha Jane Weber, Nashville, TN.
Robert N. Armen, Special Trial Judge.
Robert N. Armen
ORDER AND DECISION
This matter is before the Court on: Respondent's Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673,[1] filed September 23, 2010; petitioner's Objection thereto, filed October 25, 2010; and petitioner's cross Motion For Summary Judgment, filed March 28, 2011.
The record establishes and/or the parties do not dispute the following facts.
Background
At one time, it appears that petitioner was a law abiding taxpayer. Petitioner filed correct income tax returns for 2005 and 2006 and received refunds for the amounts withheld from his wages that exceeded the taxes due for those years. In March 2008, petitioner changed course. On March 25, 2008, petitioner signed and submitted Forms 1040X, Amended Federal Income Tax Return, for 2005 and 2006 on which he claimed refunds of all taxes paid in those years. Petitioner attached to the amended returns Forms 4852, Substitute *69 For W-2, for each employer, on which he reduced his wage income to zero and wrote "Payer mischaracterized my personal Private-Sector Pay for labor, as remuneration for federally privileged activity." On receipt of petitioner's purported amended returns, respondent issued Letters 3176 (1) notifying petitioner that his amended returns were considered frivolous submissions subject to sanction under section 6702, and (2) offering petitioner the opportunity to either correct or withdraw them within 30 days. Petitioner did not correct or withdraw his amended returns and respondent thereafter assessed section 6702 frivolous submission penalties for each taxable year.
On February 9, 2009, respondent issued to petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing with respect to frivolous submission penalties for the 2005 and 2006 taxable years. Petitioner timely submitted a Form 12153, Request For A Collection Due Process Hearing, in which he requested that the Internal Revenue Service (IRS) provide delegation orders and verification of official determination that he is a "taxpayer" and asserted, inter alia, that he had determined that under the U.S. Constitution *70 he was not required to file a tax return or pay income tax on his earnings.
On December 8, 2009, an officer of the IRS Office of Appeals sent petitioner a letter advising him that the arguments raised in his hearing request were frivolous and that a face-to-face hearing would not be granted unless petitioner set forth, in writing, the non-frivolous issues he wanted to discuss at his hearing. On December 15, 2009, petitioner sent respondent's Appeals officer a letter declining a telephonic hearing.
On February 9, 2010, respondent issued to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed levy action for the frivolous return penalties for 2005 and 2006. On March 8, 2010, petitioner filed the petition commencing this case.
Respondent then filed the motion for summary judgment presently before the Court. By Order dated September 27, 2010, petitioner was directed to file an objection, if any, to respondent's motion, and he did so. In his Objection, petitioner relies on the same arguments raised in his amended returns, his Form 12153 request for a collection due process hearing, and in the petition.
Discussion
Summary *71 judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).
Sections 6320 and 6330 provide procedures for administrative and judicial review of respondent's lien and levy actions. In short, any person receiving a notice of a lien filing or a proposed levy may request an administrative hearing with respondent's Appeals Office. The Appeals Office is obliged to verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The person may raise at the administrative hearing any relevant issue relating to the unpaid tax or the collection action, *72 including appropriate spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability if the person did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).
The record includes Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the frivolous return penalties in issue. Such transcripts of account may be used to satisfy the verification requirements of section 6330(c)(1). Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003). In the instant case, since petitioner did not have a prior opportunity to dispute the frivolous return penalties assessed for 2005 and 2006, petitioner was entitled to raise the underlying liabilities in his CDP hearing. Lindberg v. Commissioner, T.C. Memo 2010-67. However, in the hearing request and in the petition and amended petition, the only arguments petitioner raises concerning respondent's assessment *73 of the frivolous return penalties are themselves frivolous. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Tolotti v. Commissioner, T.C. Memo 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003). Suffice it to say:
(1) Petitioner is a taxpayer subject to the Federal income tax, see secs. 1(c), 7701(a) (1), (14);
(2) compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); see also sec. 61(a)(4);
(3) petitioner is required to file an income tax return, sec. 6012(a)(1); and
(4) the Commissioner and his agents are authorized to enforce the provisions of the Internal Revenue Code, see I.R.C. chs. 78, 80.
We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and *74 reviewed computerized transcripts of account for petitioner's taxable years 2005 and 2006. Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.
Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the computerized transcripts of account. See Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo 2002-48.
Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001). Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent *75 is entitled to judgment as a matter of law sustaining the notice of determination on which this case is based.
Respondent also moves for the imposition of a penalty on petitioner pursuant to section 6673(a) (1). Section 6673(a) (1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. We are convinced that petitioner instituted the present proceeding primarily for delay. In this regard, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. E.g., Tolotti v. Commissioner, supra.In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed. Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant *76 to section 6673(a)(1) in the amount of $3,000.
Finally, we turn to petitioner's cross Motion For Summary Judgment. In that motion, petitioner does nothing other than to reprise his prior arguments that he and his wages are outside the scope of the Federal revenue laws. As previously stated, such arguments are beyond the pale.
Upon due consideration and for cause, it is
ORDERED that petitioner's Motion For Summary Judgment, filed March 28, 2011, is denied. It is further
ORDERED that respondent's Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673, filed September 23, 2011, is granted. It is further
ORDERED AND DECIDED that respondent may proceed with collection for the taxable years 2005 and 2006 as determined in the Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated February 9, 2010, upon which notice this case is based; and
That petitioner shall pay a penalty to the United States pursuant to section 6673(a) in the amount of $3,000.
(Signed) Robert N. Armen
Special Trial Judge
Entered: APR 18 2011
Footnotes
1. All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩