T.C. Memo. 2011-130

UNITED STATES TAX COURT

EDWARD E. SLINGSBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30935-09.            Filed June 13, 2011.

Edward E. Slingsby, pro se.

<u>Robyn R. Gilliom</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $2,793 deficiency in petitioner's 2007 Federal income tax based on unreported income.  The sole issue for decision is whether petitioner is liable for the deficiency.[1]

---

[1]  Petitioner argues for the first time in his posttrial
(continued...)

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Illinois when he filed the petition.

In 2007 petitioner worked for Skokie Motor Sales, Inc. (Skokie). Skokie reported on Form W-2, Wage and Tax Statement, that it had paid $28,598 in wages to petitioner in 2007 and had withheld Federal income tax. In addition, Interactive Brokers, L.L.C. (Interactive), petitioner's investment broker, reported on Form 1099-DIV, Dividends and Distributions, that it had paid $57 in qualified dividends to petitioner in 2007. Petitioner does not dispute receiving these payments.

In 2007 petitioner paid mortgage interest of $4,658.82 and real estate taxes of $2,190.63 for his primary residence in Illinois. He also paid mortgage interest of $7,694.81 and real estate taxes of $3,707.34 for a second home in Michigan. In

_____

[1](...continued)
brief that he is entitled to itemized deductions for real estate taxes and mortgage interest payments. However, as will be discussed in our findings of fact, petitioner elected the standard deduction on his 2007 Federal income tax return and he did not assert a claim for deductions in his petition. Accordingly, petitioner is deemed to have waived this argument and the deductions are not at issue in this case. See Rule 34(b)(4).

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

addition, petitioner paid mortgage interest of $6,484.64 on a home equity line of credit.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2007, on which he reported zero income from wages or qualified dividends and zero taxable income.[2]  He checked the box for "single" filing status and claimed the corresponding standard deduction--he did not claim any deductions for real estate taxes or mortgage interest payments.  Petitioner reported $2,187.76 as Federal income tax withheld from Forms W-2 and 1099 and requested a refund in that amount.

OPINION

## I.  Deficiency

Section 61(a) defines gross income as all income from whatever sources derived, including compensation for services and dividends.

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if the taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the taxpayer's liability for a tax

---

[2]  Petitioner reported $1,306 of gross income from unemployment compensation.

imposed under subtitle A or B of the Code.  Since petitioner has failed to introduce credible evidence, section 7491(a) does not apply.  See Davenport v. Commissioner, T.C. Memo. 2009-248.

Petitioner does not dispute receiving the wage and dividend income determined by respondent and shown in the notice of deficiency.  Rather, petitioner argues, inter alia, that earnings he received from his employer for performing services are not taxable because Skokie is not a trade or business paying wages as contemplated by Congress and that the Form W-2 Skokie issued is invalid as a matter of law.[3]

In his petition, at trial, and on brief, petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that have been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Sawukaytis v. Commissioner, T.C. Memo. 2002-156, affd. 102 Fed. Appx. 29 (6th Cir. 2004).  The U.S. Court of Appeals for the Seventh Circuit, the court to which appeal in this case would lie, has classified one of petitioner's exact arguments, that the term "employee" for purposes of section 3401(c) does not include privately employed wage earners, as "a preposterous reading of the statute."  United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985).  We shall not painstakingly

---

[3] We rejected similar arguments by petitioner with respect to the collection of his tax liabilities for 1999 through 2004 in Slingsby v. Commissioner, T.C. Memo. 2011-3.

address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we conclude that petitioner is liable for the deficiency.

## II. Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceeding or instituted the proceeding primarily for delay. A taxpayer's position is "frivolous" if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). We warned petitioner that his arguments were frivolous and have been universally rejected by this and other courts. We further advised petitioner that the Court may impose a penalty of up to $25,000 if he were to proceed with such arguments.

Although respondent has not moved for a section 6673(a)(1) penalty and we refrain from imposing the penalty at this time, we take this opportunity to warn petitioner that we may impose this penalty if he returns to the Court and proceeds in a similar manner in the future. See Pierson v. Commissioner, 115 T.C. 576 (2000).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.