T.C. Memo. 2011-251

UNITED STATES TAX COURT

BRIAN STEVEN RICHMOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7397-10.                    Filed October 27, 2011.

Brian Steven Richmond, pro se.

<u>Christina L. Holland</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On December 28, 2009, respondent sent to

Brian Steven Richmond (petitioner[1]) a notice of deficiency

determining a deficiency in Federal income tax for taxable year

---

[1]Although the petition was filed by petitioner and his wife, Candi Jo Richmond, it was dismissed as to Candi Jo on June 1, 2010, for lack of jurisdiction.

2008 of $4,095 and additions to tax for failure to file and pay tax under section 6651(a)(1)[2] and (2), respectively. The issues for decision are: (1) Whether petitioner received gross income for taxable year 2008 and (2) whether petitioner is liable for additions to tax pursuant to section 6651(a)(1) and (2) for taxable year 2008.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner's mailing address was in Kansas.

During 2008 petitioner received income in the form of wages of $31,211 from Sprint United Management Co. (Sprint) and $7,160 from Top Cellars Wine & Spirits, LLC (Top Cellars). He additionally received interest income of $44 from First National Bank (First National) and $11 from Commerce Bank NA (Commerce Bank). Finally, he received income of $500 from the Maxine E. Richmond Testamentary Trust (Trust).

Petitioner submitted a "zero" income tax return for the 2008 taxable year. It stated that petitioner earned no income in the 2008 taxable year and sought a refund of $3,447. Petitioner submitted several Forms 4852, Substitute for Form W-2, Wage and

---

[2]All section references are to the Internal Revenue Code in effect for the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., with the return. The forms indicated that no income was received. Petitioner argued that he received no income as he was engaged in voluntary activities within the private sector and such activities do not generate taxable amounts.

Respondent did not treat petitioner's zero return as a proper return. Rather, pursuant to section 6020(b), he prepared a substitute for return (SFR). On December 28, 2009, respondent issued a notice of deficiency for petitioner's outstanding tax liability. Petitioner timely filed a petition with the Court.

OPINION

Tax Deficiency

The Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of demonstrating otherwise. Rule 142; New Colonial Ice. Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 112 (1933).

Petitioner argues that he is a citizen of the "Sovereign State of Kansas" and not a citizen of the United States. Consequently, petitioner argues that he does not have to pay Federal income taxes. Petitioner's argument that he is not a citizen of the United States is a frivolous argument of the sort

that this Court and other courts have consistently rejected.  See United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); Bland-Barclay v. Commissioner, T.C. Memo. 2002-20.

Petitioner acknowledges receiving wages, interest income, and trust income as reported by respondent.  However, he alleges that payment of income tax is optional and that he has opted to be a nontaxpayer.

Wages and other compensation received in exchange for personal services constitute gross income.  Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506. For Federal income tax purposes, "gross income" means all income from whatever source derived and includes compensation for services and interest income.  Sec. 61(a).

Petitioner performed services for Sprint and Top Cellars. Petitioner received interest from First National and Commerce Bank.  Petitioner also received income from the Trust. Therefore, the amounts petitioner received are taxable as gross income under section 61(a).

## Section 6651(a)(1) and (2) Additions to Tax

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return unless the taxpayer proves that such failure was due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241,

245 (1985). Respondent has met the burden of production under section 7491(c) as petitioner's "return" was a list of zeros.

To determine whether a taxpayer has filed a valid tax return, the Court looks to the test in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986). "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury." Id. Petitioner's return fails this test in two ways. First, the zero return does not have "sufficient data to calculate a tax liability", and second, it does not constitute "an honest and reasonable attempt to satisfy the tax law." Petitioner did not file a valid return, and he did not show his failure to file was due to reasonable cause. Therefore the failure-to-file addition to tax is sustained.

Section 6651(a)(2) imposes an addition to tax "In case of failure * * * to pay the amount shown as tax on any return". Because this addition does not accrue unless a tax amount is "shown on" a return, the Commissioner must introduce evidence that tax was shown on a Federal income tax return to satisfy the burden of production under section 7491(c). See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003). When a taxpayer has not

filed a return, the section 6651(a)(2) addition to tax may be imposed if the Commissioner prepared an SFR that meets the requirements of section 6020(b).  Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Section 6020(b)(1) provides that "If any person fails to make any return required * * * or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information".  Such a return "shall be prima facie good and sufficient for all legal purposes." Sec. 6020(b)(2).  Respondent has shown the SFR was prepared from information respondent obtained from the payors and was signed by an agent of the Secretary.  Respondent has met his burden of production, petitioner has not shown his failure to pay was due to reasonable cause and not willful neglect, and the addition to tax under section 6651(a)(2) is sustained.

In reaching the foregoing holdings, the Court has considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.