T.C. Memo. 2013-114

UNITED STATES TAX COURT

GLENN LEE SNOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24783-09.                    Filed April 22, 2013.

Glenn Lee Snow, pro se.

<u>Martha J. Weber</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  In a notice of deficiency dated July 13, 2009, respondent

determined a $12,530 deficiency in petitioner's 2007 Federal income tax and a

**[\*2]** $3,658 accuracy-related penalty under section 6662(a).[1]  In an answer to the amended petition, respondent asserted an increased deficiency of $15,668 and an increased accuracy-related penalty under section 6662(a) of $4,247.  Respondent has also filed a motion to impose a penalty under section 6673 on the ground that petitioner's position in this case is frivolous or groundless.

After a concession by respondent, the issues for decision are:  (1) whether petitioner had unreported income of $73,256.44 in 2007; (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for 2007; and (3) whether the Court should impose a penalty against petitioner under the provisions of section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Tennessee.

Petitioner timely filed a Federal income tax return for 2007.  Attached to the return were Forms 4852, Substitute for Form W-2, Wage and Tax Statement,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for the following employers: Educational Broadcasting Corp.; Sound Recording Special Payments Fund; Film Musicians Secondary Markets Fund; NBC [National Broadcasting Co.] Universal, Inc.; Gep Atl., LLC; WB Studio Enterprises, Inc.; Nashville Talent Payment, Inc.; Sharon's Rose, Inc.; Opryland Hospitality, Inc.; Universal City Studios, LLP; Cast & Crew Talent Services; and Axium Visual. On each Form 4852 petitioner reported that his correct wages, tips, and other compensation was zero. On each Form 4852 petitioner stated: "Amounts reported on [Form] W-2, lines 1, 3 & 5 are INCORRECT as the private-sector Payer mischaracterized my personal Private-Sector Pay for labor, as remuneration for a federally privileged activity. The amounts reported on [Form] W-2 lines 2, 4 & 6 are CORRECT."[2]

During 2007 petitioner received the following amounts as compensation for his work as a musician:

---

[2]On Form W-2, Wage and Tax Statement, that was in use in 2007, lines 1, 3, and 5 reflect wages, tips, and other compensation; Social Security wages; and Medicare wages, respectively. Lines 2, 4, and 6 reflect amounts that were withheld from wages for Federal income tax; Social Security tax; and Medicare tax, respectively. On petitioner's 2007 return he claimed a refund of $16,684.65, representing the amounts that were withheld on lines 2, 4, and 6 of Forms W-2.

[*4]

| Payor | Amount |
|---|---|
| Educational Broadcasting Corp. | $1,200 |
| Sound Recording Special Payments Fund | 88 |
| Film Musicians Secondary Markets Fund | 73 |
| NBC Universal, Inc. | 876 |
| Gep Atl. LLC | 1,840 |
| WB Studio Enterprises, Inc. | 98 |
| Nashville Talent Payment, Inc. | 2,344 |
| Sharon's Rose, Inc. | 62,866 |
| Opryland Hospitality, Inc. | 1,254 |
| Universal City Studios, LLP | 15 |
| Cast & Crew Talent Services | 846 |
| Axium Visual | 1,222 |
| Total | 72,722 |

The above payors each issued a Form W-2, reflecting the amounts paid and the amounts withheld for taxes, Social Security, and Medicare. Petitioner did not report as income on his 2007 return any of the compensation that he received for his work as a musician.

Petitioner had a $534.44 gain from the sale of stock in 2007, which he did not report on his 2007 return.

OPINION

Over the course of petitioner's dealings with the Internal Revenue Service he has articulated various theories about why he should not pay taxes. The legal theories petitioner espoused in a prior case have recently been rejected as frivolous by this Court and the Court of Appeals for the Sixth Circuit. See Snow v.

[*5] <u>Commissioner</u>, T.C. Dkt. No. 5675-10L (Apr. 18, 2011) (order and decision), <u>aff'd per order</u>, No. 11-1911 (6th Cir. Sept. 19, 2012).

At the beginning of the trial petitioner stated: "I hereby abandon all issues considered frivolous by this Court, unknowingly proffered by me." Unfortunately, he then proceeded to claim that he was not taxable on the amounts of compensation he received during 2007 because the payors were not "Subtitle C statutory employers." This is just another groundless argument.[3] It is clear that all of the unreported income that petitioner received was either compensation for his personal services as a musician or gain from the sale of securities. We hold that these amounts are includable in petitioner's income regardless of the legal status of the payors. <u>See</u> sec. 61(a)(1), (3); <u>Richmond v. Commissioner</u>, T.C. Memo. 2011-251, 2011 Tax Ct. Memo LEXIS 246, at *3, <u>aff'd</u>, 474 Fed. Appx. 754 (10th Cir. 2012).

As to the various positions that petitioner has raised at one time or another, "[w]e perceive no need to refute * * * [them] with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984);

---

[3]This Court rejected a similar argument in <u>Slingsby v. Commissioner</u>, T.C. Memo. 2011-3, 2011 Tax Ct. Memo LEXIS 2, at *4-*5.

**[*6]** see also Schiff v. Commissioner, 751 F.2d 116 (2d Cir. 1984), aff'g T.C. Memo. 1984-223; Craig v. Commissioner, 119 T.C. 252 (2002).

Section 6662(a) and (b)(1) and (2) provides for a penalty of 20% on the portion of an underpayment which is attributable to, among other things, a substantial understatement of income tax or negligence or disregard of rules or regulations. A substantial understatement of income tax exists if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). An understatement is the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A).

We hold that petitioner is liable for the accuracy-related penalty under section 6662(a) for 2007. Petitioner substantially understated his tax liability for 2007 and was negligent because he failed to report a substantial amount of income on his 2007 return. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent has also moved for the imposition of a penalty pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous

**[\*7]** or groundless. In a previous case involving petitioner, we imposed a $3,000 penalty under section 6673 against him and the Court of Appeals imposed an additional sanction of $4,000. See Snow v. Commissioner, T.C. Dkt. No. 5675-10L.

Before trial petitioner filed motions that we denied as frivolous; and we warned petitioner that if he continued to advance such positions, we would be inclined to impose a section 6673 penalty. At the conclusion of the trial we again warned petitioner about continuing to make frivolous or groundless arguments. Nevertheless, petitioner persisted in making such arguments in his posttrial brief. We are convinced that petitioner instituted the present proceeding primarily for delay and that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. Petitioner has wasted the Court's time, as well as respondent's. We will grant respondent's motion and impose a penalty on petitioner pursuant to section 6673(a) of $8,000.

To reflect the foregoing,

An appropriate order will be issued, and decision will be entered under Rule 155.