T.C. Memo. 2008-9

UNITED STATES TAX COURT

JANET A. PHILLIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12442-06.                    Filed January 24, 2008.

        P failed to report certain wage and dividend income
that she received in 2004.  R determined a deficiency and
additions to tax pursuant to secs. 6651(a)(1) and (2) and
6654(a), I.R.C.

        <u>Held</u>: P is liable for the deficiency and the additions
to tax pursuant to secs. 6651(a)(1) and 6654(a), I.R.C.

Janet A. Phillips, pro se.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of a $7,944 deficiency in Federal income tax and additions to tax that respondent determined for petitioner's 2004 taxable year.[1]  After concessions,[2] the issues for decision are:

(1) Whether $52,327.73 in wage income and $430.84 (rounded off by respondent to $430) in dividend income were includable in petitioner's 2004 taxable income;[3]

(2) whether petitioner is liable for an addition to tax of $983.48 under section 6651(a)(1);[4]

---

[1] Because $3,573.81 in Federal income tax had been withheld from petitioner's wages, her balance due was shown as $4,371, but should be $4,370 on account of the dividend and withholding rounding.

[2] Respondent concedes that petitioner did not have $34 of interest income as determined in the notice of deficiency.  In addition, although, in the notice of deficiency, respondent determined an addition to tax pursuant to sec. 6651(a)(2), respondent now concedes that petitioner is not liable for an addition to tax under sec. 6651(a)(2).

[3] That $430.84 is comprised of $227.64 in dividends that petitioner received under a stock purchase plan and $203.20 in dividends that petitioner concedes she received as a registered shareholder separate from her participation in the stock purchase plan.

[4] All section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable year at issue. The Rule references are to the Tax Court Rules of Practice and Procedure.

(3) whether petitioner is liable for an addition to tax of $115.35 under section 6654(a) for failure to pay estimated income tax; and

(4) whether petitioner is liable for a penalty under section 6673(a)(1) for instituting or maintaining this case primarily for delay or for taking a frivolous or groundless position in this proceeding.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings. At the time she filed her petition, petitioner resided in Wise, Virginia.

During 2004, petitioner was a truck driver for Tyson Sales and Distribution, Inc., and received $52,327.73 in wage income. For that taxable year, Tyson Sales & Distribution, Inc., withheld $3,573.81 in Federal income tax from petitioner's wages. During 2004, petitioner also received $227.64 in dividends from Tyson Foods, Inc., under a stock purchase plan and $203.20 in dividends from Tyson Foods, Inc., as a registered shareholder separate from her participation in the stock purchase plan. Petitioner was not married and had no dependents in 2004.

For the 2004 taxable year, petitioner filed a so-called zero return, utilizing a Form 1040, U.S. Individual Income Tax Return, in which she stated that she had zero gross income and owed zero

tax, and requested a refund of the $3,573.81 in Federal income tax that had been withheld. To that return, petitioner attached a document teeming with frivolous tax-protester arguments, including, inter alia, the following: (a) No section of the Internal Revenue Code makes her liable for income tax; (b) no section of the Internal Revenue Code requires that income taxes be paid on the basis of a return; and (c) the "Privacy Act Notice" contained in the Form 1040 booklet does not require her to file a return. Respondent did not recognize petitioner's "zero return" as a valid Federal income tax return for 2004.

On May 1, 2006, respondent issued the aforementioned notice of deficiency.[5] Petitioner then filed a timely petition with this Court. A trial was held on March 5, 2007, in Knoxville, Tennessee.

OPINION

I. Whether Petitioner Had Unreported Income

As a general rule, the Commissioner's determination of a taxpayer's liability for an income tax deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Although section 7491(a) may shift the

---

[5] Petitioner was allowed a standard deduction for 2004 in the notice of deficiency. In addition, for her 2003 taxable year, petitioner had a tax liability, which is relevant to her liability for an addition to tax under sec. 6654(a) for the 2004 taxable year.

burden of proof to the Commissioner in specified circumstances, petitioner did not satisfy the prerequisites under section 7491(a)(1) and (2) for such a shift.

In unreported income cases, the Commissioner in some circumstances has been required to show a minimal evidentiary foundation for the determined deficiencies, which may consist of evidence linking the taxpayer to an income-producing activity. See Williams v. Commissioner, 999 F.2d 760, 763-764 (4th Cir. 1993), affg. T.C. Memo. 1992-153.  If the Commissioner introduces some evidence that the taxpayer received unreported income, then the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

Section 61(a) specifies that, "Except as otherwise provided", gross income includes "all income from whatever source derived".  Wages and dividends are both listed among the forms of income within the definition of section 61(a).  Sec. 61(a)(1), (7).[6]

Respondent has shown an evidentiary foundation with respect to the $52,327.73 in unreported wage income and $430 in unreported dividend income determined in the attachment to the notice of deficiency.  In that regard, the parties have

---

[6] Wages are referred to in sec. 61(a)(1) as "Compensation for services".

stipulated the $203 petitioner received as a registered shareholder of Tyson Foods, Inc., separate from her participation in that corporation's stock purchase plan.  Certified business records admitted into evidence by the Court substantiate the $52,327.73 in unreported wage income paid to petitioner by Tyson Sales and Distribution, Inc., and $227.64 in dividends paid to petitioner by Tyson Foods, Inc, under a stock purchase plan.

II.  Petitioner's Entitlement to Deductions

At trial, and in her brief, petitioner asserts, without providing any detail, that she should be allowed deductions. Respondent concedes that petitioner is allowed to claim the standard deduction in conjunction with single filing status but asserts that petitioner has provided no evidence to support itemized deductions or any other deductions.

Deductions are a matter of legislative grace, INDOPCO Inc. v. Commissioner, 503 U.S. 79, 84 (1992), and the taxpayer must maintain adequate records to substantiate the amounts of any deductions, sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Because petitioner has provided no evidence to substantiate any itemized deductions that exceed the standard deduction allowed by respondent in the notice of deficiency, petitioner is allowed the standard deduction for her 2004 taxable year.

III. Additions to Tax

A. Commissioner's Burden of Production

Under section 7491(c), the Commissioner bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax. This means that the Commissioner must "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of demonstrating such cause. Id. at 446-447.

B. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. "[R]easonable cause" is described by the applicable regulations as the exercise of "ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985). "[W]illful neglect" is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Here, respondent has met the burden of production because the "zero return" filed by petitioner with respect to her 2004 taxable year is not a valid return. See Cabirac v. Commissioner,

120 T.C. 163, 169 (2003) ("The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return.");[7] see also Rev. Rul. 2004-34, 2004-1 C.B. 619.

Petitioner has not presented any evidence to suggest that her filing of a "zero return" was due to reasonable cause. In that regard, we note that petitioner filed her "zero return" after purchasing and reading the works of Irwin Schiff, a known tax protester. Petitioner's reliance on the frivolous arguments of a known tax protester, which have been rejected repeatedly by this Court and others, was not reasonable and will not shield her from the imposition of an addition to tax under section 6651(a)(1). See Lopez v. Commissioner, T.C. Memo. 2001-211 (rejecting an argument in reliance on Irwin Schiff's works in an attempt to avoid the imposition of additions to tax and

---

[7] An appeal in this case would normally lie in the Court of Appeals for the Fourth Circuit, absent a stipulation to the contrary. Although we are not aware of any ruling by the Court of Appeals for the Fourth Circuit on this issue, a majority of Courts of Appeals have held that a return devoid of financial information is not a valid return. See United States v. Mosel, 738 F.2d 157, 158 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681, 687 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182, 184 (10th Cir. 1980); United States v. Moore, 627 F.2d 830, 834 (7th Cir. 1980); United States v. Smith, 618 F.2d 280, 281 (5th Cir. 1980). The decision of the Court of Appeals for the Ninth Circuit in United States v. Long, 618 F.2d 74, 75-76 (9th Cir. 1980), insofar as it is to the contrary, represents a minority view that we need not follow in this case.

penalties).  Consequently, the Court sustains respondent's imposition of an addition to tax pursuant to section 6651(a)(1).

C.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer.  That addition to tax is computed by reference to four required installment payments of the taxpayer's estimated tax liability, each constituting 25 percent of the "required annual payment."  Sec. 6654(d)(1)(A).  For taxpayers whose adjusted gross income for the preceding year was $150,000 or less, the "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for the year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A), (B)(i) and (ii).

Here, petitioner failed to file a 2004 Federal income tax return and made no estimated tax payments for 2004 except for the amount withheld from her wages.[8]  Petitioner had a tax liability

---

[8] Again, because petitioner's "zero return" is deemed invalid, it is as though she filed no return for her 2004 taxable year.  In addition, the $3,573.81 in Federal income tax withheld from petitioner's wages is creditable under sec. 31 and is treated as a payment of estimated tax pursuant to sec. 6654(g)(1).  See Mendes v. Commissioner, 121 T.C. 308, 323 n.12 (2003).  However, in light of her unreported income, petitioner underpaid her estimated tax for 2004 and respondent has
(continued...)

for her 2003 taxable year. Because petitioner had a tax liability for the preceding taxable year, see supra note 5, respondent has met his burden of producing evidence that petitioner had a required annual payment of estimated tax for 2004.[9]

The Court also concludes that petitioner does not fit within any of the exceptions listed in section 6654(e).[10] As a consequence, the Court sustains respondent's determination of the addition to tax pursuant to section 6654(a).

IV. Section 6673 Penalty

Section 6673 allows this Court to award a penalty to the United States in an amount not in excess of $25,000 for

---

[8](...continued)
calculated the addition to tax under sec. 6654(a) after accounting for the $3,573.81 in Federal income tax withholding.

[9] Because the tax shown on petitioner's 2003 Federal income tax return was more than $3,573.81, she has not made the required annual payment of estimated tax. See sec. 6654(d)(1)(B)(ii), (g)(1).

[10] Sec. 6654(e) provides two exceptions to the sec. 6654(a) addition to tax. First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000. Sec. 6654(e)(1). Second, the addition is not applicable if the taxpayer's tax for the full 12-month preceding taxable year was zero and the taxpayer was a citizen or resident of the United States. Sec. 6654(e)(2). In light of our earlier conclusion regarding petitioner's unreported income, petitioner is liable for a deficiency for 2004 that, net of withholding, exceeds $1,000. And, it has been shown that petitioner had a tax liability in 2003.

proceedings instituted by the taxpayer primarily for delay or for proceedings in which the taxpayer's position is frivolous or groundless. "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986) (imposing penalties on taxpayers who made frivolous constitutional arguments in opposition to the income tax).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Id. at 72.]

Respondent has not sought a section 6673 penalty in this case. Petitioner indicates she relied on Irwin Schiff and was naive about certain of her tax obligations. In this context and where, as here, the petitioner does not appear to have been warned about the possibility of a section 6673 penalty, the Court concludes, giving petitioner the benefit of the doubt, that it is not appropriate to impose a penalty in the instant case. However, the Court explicitly admonishes petitioner that she may, in the future, be subject to a penalty under section 6673 for any

proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing and concessions made by the parties,

<u>Decision will be entered under Rule 155</u>.