T.C. Memo. 2008-198

UNITED STATES TAX COURT

ILYA ROYTBURD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5355-06.                    Filed August 26, 2008.

Ilya Roytburd, pro se.

<u>Harry J. Negro</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  By notice of deficiency dated December 9,
2005 (the notice), respondent determined deficiencies in, and
additions to, petitioner's Federal income tax as follows:

|       |            | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $27,306 | $6,144 | To be determined | $912 |
| 2003 | 14,423 | 1,672 | To be determined | 174 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar. Petitioner bears the burden of proof. See Rule 142(a).[1]

## Background

Petitioner filed a petition, an amended petition, and a second amended petition. Petitioner showed his address in each as being in Newtown, Pennsylvania.

Respondent moved to dismiss for failure to state a claim upon which relief can be granted and to impose a penalty under section 6673 (the motion). The motion was called for hearing on August 9, 2006, and petitioner and respondent's counsel appeared and were heard. Thereafter, we disposed of the motion by order of the same date, granting in part and denying in part. In that order, we stated: "Petitioner's second amended petition contains nothing but frivolous and groundless arguments that merit no extended discussion." We found, however, that certain allegations made by petitioner at the hearing could be construed as petitioner's assertion that respondent erred in the notice in

---

[1] Petitioner makes no argument that the burden of proof has shifted to respondent pursuant to sec. 7491(a), nor would we sustain that argument since, among other things, as discussed infra, petitioner has introduced no credible evidence that the bank deposits herein described have a nontaxable source. See sec. 7491(a)(1).

making a positive adjustment of $38,767 to petitioner's 2002 taxable income on account of unexplained deposits to petitioner's bank account at Sovereign Bank and in determining that he was liable for self-employment tax on that income. We advised petitioner that bank deposits are prima facie evidence of income, and we pointed him to authority for that proposition. We deemed petitioner to have conceded all adjustments to income made by respondent in the notice except for the aforementioned $38,767 adjustment and the related determination of self-employment tax liability. We further deemed petitioner to have conceded all additions to tax determined in the notice. We denied without prejudice that portion of the motion asking for a penalty under section 6673. We reviewed for petitioner's benefit the provisions of section 6673(a)(1), and we warned him: "Petitioner is herewith expressly advised that the Court may very well impose on him a substantial penalty under section 6673 if he persists in advancing frivolous or groundless arguments or if he should subsequently be found to have instituted or to have maintained this action primarily for delay."

Subsequently, on November 26, 2007, we held a trial. At the trial, respondent conceded that the $38,767 adjustment was overstated by $7,000 and that petitioner had no liability for self-employment tax. We accepted those concessions. The only issue left for disposition was respondent's positive adjustment

of $31,767 to petitioner's 2002 income.  The adjustment is described in the notice as an increase in petitioner's taxable income resulting from an analysis of his 2002 bank deposits.  At trial, in support of the adjustment, respondent proffered bank records pertaining to a savings account in petitioner's name at Sovereign Bank and showing, among other things, deposits and wire transfers into the account as follows:[2]

| Date | Amount | Source |
|------|--------|--------|
| Jan. 16, 2002 | $18,000 | Wire transfer |
| July 18, 2002 | 10,000 | Wire transfer |
| Oct. 7, 2002 | 1,326 | Deposit |
| Nov. 1, 2002 | 2,441 | Deposit |
| Total | $31,767 | |

The two wire transfers were received by Sovereign Bank from First Clearing Corp.  The November 1, 2002, deposit was of a check from the Travelers Indemnity Co.  The October 7, 2002, deposit is unexplained.  At trial, petitioner acknowledged receiving a check for an insurance claim.  He also acknowledged receiving a check for unemployment compensation.  He testified that the wire transfers were of money that he moved from other money market

---

[2]  The records were accompanied by a certification of records by an official of Sovereign Bank.  We reserved ruling on the admissibility of the records to give petitioner a chance to argue on brief that the records should not be admitted into evidence.  Since petitioner's brief contains no argument on that score, we deem no objection to be made, and we receive the records into evidence without objection.

accounts.  He offered no further explanation, or particulars, of the deposits.

At the conclusion of the trial, the Court requested seriatim briefs, respondent going first.  The Court directed petitioner to the requirements of Rule 151, which, among other things, sets forth the requirements for the form and content of briefs. Respondent's brief complies with the requirements of Rule 151, containing, among other things, proposed findings of fact and a legal argument.  Petitioner answered respondent's brief with a document that fails to comply with the requirements of Rule 151. It neither proposes any findings of fact nor makes any objection to respondent's proposed findings of fact.  See Rule 151(e)(3). It contains only tax-protester rhetoric.  In substantial part, it reads as follows:

> Respondent served Petitioner with a Notice of Deficiency apparently based upon Respondent's mistaken belief that the Petitioner, for the time period stated in the Notice, was, in fact, a "U.S. citizen."  And, moreover, a "taxpayer" as defined in 26 USC 7701.

> Petitioner has not conducted his life as a "U.S. citizen" for many years, having learned (discovered) the differences between a natural born American Citizen of the state and that of a 14th Amendment federal citizen -- subject.  Petitioner has long rejected the status of "U.S. citizen", and any writings or statements to the contrary (by Petitioner) were based upon government deceit and deception in failing to advise Petitioner of the consequences of that "status."

> Petitioner denies being (for the period at issue) a resident and/or citizen of the United States and is in fact domiciled in the sovereign Republic of Pennsylvania, and claiming state Citizenship.  * * *

Respondent may have jurisdiction to assess "U.S. citizens", wherever "resident", but again, Petitioner rejects that status * * * .

The tax at issue Respondent seeks to impose upon Petitioner goes far beyond Congress' constitutionally delegated powers * * * .

\*       \*       \*       \*       \*       \*       \*

Before Tax Court can proceed to adjudicate the matters herein, Respondent must first establish that Petitioner is/was a "U.S. citizen" during the period at issue.

Absent the required personam jurisdiction, this case must be dismissed.

[signature]

Ilya Roytburd
Sovereign American Citizen

## Discussion

### I. Deficiencies in Tax

The only adjustment relating to the deficiencies in tax determined by respondent in the notice that remains at issue is respondent's adjustment for 2002 of (after a concession) $31,767 on account of unexplained bank deposits. Respondent has produced evidence of those deposits, and petitioner does not contradict the fact of the deposits. Moreover: "A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income." Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioner bears the burden of proving that the income was from a nontaxable source or otherwise excluded from his gross

income by law.  See, e.g., <u>Mantakounis v. Commissioner</u>, T.C. Memo. 2002-306.

Petitioner makes no argument on brief concerning the bank deposits, and that failure is sufficient for us to conclude that he has abandoned the controversy with respect to those items. See <u>Rybak v. Commissioner</u>, 91 T.C. 524, 566 n.19 (1988). Moreover, at trial, petitioner's only explanation of the unexplained deposits was by generalized, uncorroborated, and self-serving testimony that the unexplained deposits were primarily from purported other bank accounts.  Petitioner did not identify those accounts.  He provided no statements showing deposits to and withdrawals from those accounts, nor did he call any financial adviser or other person who could have corroborated his claim that he was merely redepositing already taxed or nontaxable funds.  Petitioner had ample time and opportunity to obtain corroborating evidence.  We had advised him in our order disposing of the motion that respondent had identified unexplained deposits to his Sovereign Bank account and that unexplained bank deposits were prima facie evidence of income. We need not accept self-serving testimony, even if unopposed. <u>Fleischer v. Commissioner</u>, 403 F.2d 403, 406 (2d Cir. 1968), affg. T.C. Memo. 1967-85; see also <u>Tokarski v. Commissioner</u>, <u>supra</u> at 77 ("Under all the circumstances, we are not required to accept the self-serving testimony of petitioner * * * as

gospel."). Moreover, we are entitled to infer from petitioner's failure to offer evidence concerning the source of the deposits that such evidence would have been unfavorable to petitioner's case. See <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner has failed to prove that deposits to his Sovereign Bank account in 2002 totaling $31,767 were from a nontaxable source or otherwise excluded by law. We sustain respondent's determination of a deficiency in tax for 2002 on account of the omission of that amount from petitioner's taxable income.

II. <u>Section 6673 Penalty</u>

In pertinent part, section 6673(a)(1) provides a penalty of up to $25,000 if the taxpayer has instituted or maintained proceedings before the Tax Court primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. We have already determined that the second amended petition contains nothing but frivolous and groundless arguments. In our order disposing of the motion, we warned petitioner that we might impose on him a substantial penalty under section 6673 if he persisted in advancing frivolous or groundless arguments or if he should subsequently be found to have instituted or to have maintained this action primarily for delay. Petitioner's brief, which we have set forth in substantial part, shows that he has persisted in that sanctionable conduct. Moreover, we can see

little reason for petitioner's having instituted this proceeding but to delay the collection of Federal income tax due and owing. Petitioner has not only wasted his time, but he has also wasted the time of respondent's employees, officers, and counsel, not to mention the waste of the Court's time in disposing of this case. "The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." <u>Takaba v. Commissioner</u>, 119 T.C. 285, 295 (2002). Petitioner is deserving of a substantial penalty. We shall exercise our authority under section 6673(a)(1) and require petitioner to pay to the United States a penalty of $5,000.

III. <u>Conclusion</u>

To reflect the foregoing,

<u>An appropriate order will</u>
<u>be issued, and decision will</u>
<u>be entered under Rule 155</u>.