FILED
United States Court of Appeals
Tenth Circuit

August 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRIAN STEVEN RICHMOND,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 12-9000
(Tax No. 7397-10)
(U.S. Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

---

Brian Steven Richmond, proceeding pro se, appeals from a decision of the United States Tax Court ordering a deficiency in income tax due for tax year 2008 and imposing additions to tax under 26 U.S.C. § 6651(a)(1) and (2). Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Richmond does not dispute that he received wage and interest payments in 2008. Nevertheless, he filed a return and an amended return for tax year 2008 asserting that he received $0 in income and seeking a refund of the wages withheld for income tax. The Internal Revenue Service (IRS) prepared a "substitute for return" and calculated that Mr. Richmond owed $4,095 in federal income tax, plus statutorily authorized additions to tax. Accordingly, it issued a notice of deficiency to Mr. Richmond, who exercised his right to contest the determination in the Tax Court. The Tax Court accepted the IRS's figures and ordered a deficiency of $4,095 and additions. Mr. Richmond does not challenge the mathematical computations underlying the notice of deficiency and the Tax Court's decision.

Instead, he contends that he is "a citizen of Kansas that earned a living through activities occurring solely under the jurisdiction of Kansas" and that he has not received "income," as that term is defined for tax purposes, because he has not "engag[ed] in optional, or privileged activities that fall under Federal jurisdiction and result in a meaningful gain." Aplt. Br. at 1, 3. He further asserts that he "has lawfully met the criteria of maintaining status as a NonTaxpayor for which all withholding collected while voluntarily participating in taxation programmes set forth via Tax or Revenue Acts are to be refunded as the result of filing a tax return." *Id*. at 5-6. "Appellant is not a Taxpayor, and it is proper as a NonTaxpayor to file a return that is a list of zeros to receive a refund of all withholding that were collected while voluntarily participating in taxation programmes . . . ." *Id*. at 9.

- 2 -

This court has rejected a variety of meritless arguments to avoid paying federal income tax.  *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing various arguments that "are completely lacking in legal merit and patently frivolous," including that "the authority of the United States is confined to the District of Columbia," "wages are not income," "the income tax is voluntary," "no statutory authority exists for imposing an income tax on individuals," and "individuals are not required to file tax returns fully reporting their income"). Mr. Richmond's arguments fall in this category.  This court has reiterated that the federal government has the power to impose an income tax on individuals and noted that "gross income" includes "'all  income from whatever source derived.'" *Wheeler v. C.I.R.*, 528 F.3d 773, 776-77 (10th Cir. 2008) (quoting 26 U.S.C. § 61(a)); *see also Charczuk v. C.I.R.*, 771 F.2d 471, 472-73 (10th Cir. 1985) (discussing federal authority to impose income tax and stating that wages for services rendered "fall squarely within the definition of income" (internal quotation marks omitted)).  In short, it is well-settled that wages and interest payments constitute taxable income. Mr. Richmond cannot elect "nontaxpayer" status.

The decision of the Tax Court is AFFIRMED.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge