# United States Tax Court

T.C. Memo. 2025-93

JACK DONALD SUPINGER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 13680-22.　　　　　　　　　　　Filed September 4, 2025.

————

Jack Donald Supinger, pro se.

*Ashley M. Bender*, *Jessica L. Leach*, and *Timothy J. Driscoll*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

MARSHALL, *Judge*: Respondent issued petitioner a Notice of Deficiency (Notice) in which he determined a deficiency of $16,016 and a section 6662(a)[1] accuracy-related penalty of $3,203 with respect to petitioner's 2018 tax year (year in issue). In a First Amendment to Answer, respondent also asserted a section 6651(a)(1) addition to tax for failure to file a timely return as an alternative to the section 6662(a) accuracy-related penalty. In this Opinion, we decide whether petitioner (1) failed to report wage income that he received during the year in issue and (2) is liable for the section 6662(a) and (b)(2) accuracy-related penalty for an underpayment due to a substantial understatement of income tax, or in the alternative, the section 6651(a)(1) addition to tax

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts have been rounded to the nearest dollar.

**[\*2]** for failure to file a timely return. We also decide whether to grant respondent's Motion to Impose Sanctions as to Petitioner (Motion to Impose Sanctions), in which respondent moves this Court to impose a section 6673 penalty against petitioner for instituting this proceeding primarily for delay and because petitioner's position is frivolous or groundless.

## FINDINGS OF FACT

Petitioner resided in South Carolina when he timely filed his Petition. No stipulation of facts was filed in this case. However, respondent's Exhibits 5-R through 10-R and petitioner's Exhibit 11-P were received into evidence at trial and are incorporated herein by this reference.[2] Trial in this case was held on July 19, 2023, during the Court's Columbia, South Carolina, remote special session.

During the year in issue, petitioner was employed by Frontier Communications Corp. or its related entity Frontier California, Inc. (Frontier), as a customer service technician.[3] Frontier issued petitioner an amended Form W–2, reporting wages of $102,533, no federal income tax withheld, Social Security tax withheld of $6,357, and Medicare tax withheld of $1,487 for the year in issue. Frontier reported petitioner's wages to respondent. Petitioner timely filed Form 1040 for the year in issue. He did not report any money received from any source and reflected zero entries for income and on all other lines except for the $7,844 that he reported as federal income tax withheld. Petitioner claimed a refund of the $7,844. Respondent examined petitioner's return and determined that petitioner had unreported income of $102,533 for the year in issue resulting in a deficiency of $16,016 and a section 6662(a) and (b)(2) accuracy-related penalty for a substantial

---

[2] Because the parties were unable to reach a Stipulation of Facts, in violation of Rule 91(a), respondent submitted certified and redacted copies of respondent's transcript of petitioner's 2018 Form 1040, U.S. Individual Income Tax Return, the Notice, and petitioner's wage and income transcript as Exhibits 5-R through 7-R.

[3] The Form W–2, Wage and Tax Statement, was issued to petitioner by Frontier California, Inc., but other documents relating to petitioner's employment referenced Frontier Communications Corp. When asked about these entities, petitioner gave only evasive answers. *See infra* note 10. As respondent received documents identifying both entities from Frontier, and as petitioner has not indicated otherwise, we conclude that Frontier California, Inc., and Frontier Communications Corp. are related entities. Further, we conclude that the specific relationship between these entities is not relevant for purposes of deciding this case.

[*3] understatement of income tax of $3,203. On March 2, 2022, respondent issued the Notice to petitioner.

On June 6, 2022, petitioner filed the Petition. On July 18, 2022, respondent filed an Answer. On May 11, 2023, respondent lodged the First Amendment to Answer concurrently with a Motion for Leave to File First Amendment to Answer asserting an addition to tax under section 6651(a)(1) for failure to timely file, as an alternative to the section 6662(a) accuracy-related penalty that respondent had determined in the Notice. Respondent also requested the Court to sanction petitioner under section 6673 for instituting this proceeding primarily for delay and because petitioner's position is frivolous or groundless. The Court granted respondent's Motion for Leave to File First Amendment to Answer and filed respondent's First Amendment to Answer.

During the course of this case petitioner asserted a wide variety of arguments that have been routinely discredited as frivolous in this Court and others, such as that (1) there "is no evidence that [petitioner] was involved in taxable activity during the year in question," (2) respondent "has failed to cite which statute makes [petitioner] subject to and liable for a tax due and owing [to] the United States Treasury," (3) petitioner "completed a self-assessment for the year in question in compliance with 26 C.F.R. 1.861-8 finding that he had insufficient taxable income to create a tax liability," (4) "the [Internal Revenue Service (IRS)] has failed to provide evidence that [petitioner] derived income while engaged in a revenue taxable activity as shown by certified copies of contracts in interstate commerce,"[4] (5) there is no contract between petitioner and respondent to pay a tax, (6) the income tax is an excise tax, (7) "there is no law requiring the average American to file and pay income taxes,"[5] (8) "the Internal Revenue Service is not an agency of government in accordance with 28 U.S. Code § 3002(15)(A), 28 U.S. Code § 3002(15)(B) and 28 U.S. Code § 3002(15)(C),"[6] (9) petitioner "has no verifiable evidence that [he] is a 'taxpayer' as defined by IRC 7701(A)(14) . . . and [he] believe[s] that no such evidence

---

[4] Petitioner raised arguments (1) through (4) in the Petition (Doc. 1) filed June 6, 2022.

[5] Petitioner raised arguments (5) through (7) in a Motion for Order to Show Cause Why Proposed Facts Should Not be Accepted as Established (Doc. 18) filed March 31, 2023.

[6] Petitioner raised argument (8) in a Motion to Dismiss (Doc. 41) filed July 3, 2023.

**[*4]** exists,"[7] and (10) petitioner "is not a U.S. citizen" and "[n]o evidence exists to the contrary."[8]

This is not the first time that petitioner has made frivolous arguments in this Court. Pursuant to Rule 201 of the Federal Rules of Evidence, we take judicial notice of the Tax Court records of petitioner's two other cases filed in this Court, No. 10957-20 (2017 tax year) and No. 4810-23 (2019 tax year). On July 20, 2020, petitioner filed a Petition relating to a deficiency for the 2017 tax year. In that deficiency proceeding, petitioner had filed a zero return despite having received two Forms W–2, one from Frontier and one from J.R. Putman, Inc. (Putnam), as well as Form 1099–MISC, Miscellaneous Income, from FMS Investment Corp., reporting nonemployee compensation.[9] On the return for the 2017 tax year, petitioner had claimed a refund of $5,993, which appeared to be the total of the withholding amounts listed on his Forms W–2 for federal income tax, Social Security tax, and Medicare tax. He had also filed two Forms 4852, Substitute for Form W–2, Wage and Tax Statement, which listed the same amounts of tax withholdings as his Forms W–2 but listed his wages as zero. He had attached a letter to his 2017 return asserting that the Forms 4852 corrected erroneous information reported on the Forms W–2 submitted to the IRS and that he had not received payments connected with taxable activities as described in sections 3121 and 3401. He had also asserted that the payments "did not result from any federally taxable activity whatsoever and do not constitute taxable income under relevant income tax law." Additionally, in an attachment to the Petition, petitioner raised several other common frivolous arguments including that the income tax is an excise tax and that the Forms W–2 were hearsay.

---

[7] Petitioner raised argument (9) in an Affidavit attached to his Pretrial Memorandum (Doc. 45, at 6, para. 12) filed July 3, 2023.

[8] Petitioner raised argument (10) in a Notice (Doc. 54) and in a Motion for Entry of Decision (Doc. 55), both filed July 18, 2023. In support of this argument, petitioner attached a letter that he received from the U.S. Department of Homeland Security (DHS) in response to his Freedom of Information Act (FOIA) request regarding whether DHS had any documents relating to his status as a U.S. citizen. In the letter DHS replied: "No records responsive to your request were located."

[9] The Notice of Deficiency for the 2017 tax year erroneously double-counted the wages that petitioner received from Frontier because Frontier issued him duplicative Forms W–2. Respondent's counsel conceded that the Notice of Deficiency for the 2017 tax year was excessive because of the duplicative Forms W–2. Respondent's counsel also conceded the nonemployee compensation from FMS Investment Corp. To account for these concessions, respondent submitted a recalculation of petitioner's deficiency to the Court.

[*5]    During that case, the Court repeatedly warned Mr. Supinger that a Tax Court petitioner that makes frivolous contentions (such as that the income tax is unconstitutional or that wages are not income) could be liable for a penalty under section 6673. Mr. Supinger did not heed the Court's repeated warnings. He testified that he had no taxable income for 2017, then refused to answer any questions regarding the income or his relationship with Frontier or Putnam. He also professed not to understand the meaning of the word "employed" or "received" and claimed that he did not remember whether he had worked for Putnam in 2017 or whether money was deposited into his bank account. The Court issued a bench opinion sustaining a deficiency of $9,008 and a section 6662(a) accuracy-related penalty of $1,801 (both adjusted for respondent's concessions). *See* Transcript of Bench Opinion at 18–19, *Supinger v. Commissioner*, No. 10957-20 (Oct. 8, 2021), *aff'd*, No. 22-1307, 2022 WL 17103706 (4th Cir. Nov. 22, 2022).

Additionally, on March 13, 2023, petitioner filed a petition relating to a notice of deficiency for the 2019 tax year (2019 Notice) determining that he had failed to report Form W–2 wages (No. 4810-23). In his Petition challenging the 2019 Notice he stated that he "was not involved in any revenue taxable activity." In support of that position, on February 8, 2024, petitioner filed a motion for summary judgment (Doc. 24) and an affidavit (Doc. 23) asserting that (1) he is not a U.S. citizen, (2) he is not a U.S. resident, and (3) "[n]o equitable contract exists between that [sic] parties in which petitioner is liable to respondent for a debt." Just as in this case, petitioner submitted a letter that he had solicited from DHS regarding his citizenship status. On February 12, 2024, the Court issued an order (Doc. 25) denying the motion for summary judgment. The order rejected several arguments, including petitioner's citizenship argument relying on the DHS letter, as frivolous. The Court again warned petitioner that "[p]ersisting in such contentions would increase the likelihood that [you] will be sanctioned under section 6673(a)."

On March 20, 2024, approximately two weeks before the trial in No. 4810-23, the Court issued an order (Doc. 28) again warning petitioner that it would take judicial notice of the Tax Court record in petitioner's other two cases (this case, No. 13680-22, and No. 10957-20). In response, on April 2, 2024, petitioner filed a motion to dismiss the petition in No. 4810-23 (Doc. 31). On April 5, 2024, the Court entered an order and decision granting petitioner's motion to dismiss and dismissed the case with prejudice (Doc. 34). The facts in this case are similar to those in petitioner's previous cases: (1) petitioner's employer issued

**[*6]** Form W–2 reporting wages for the year in issue, (2) petitioner submitted Form 1040 reporting zero income, and (3) during the course of the case, petitioner asserted substantially similar, frivolous arguments.

At trial in this case, we reminded petitioner that the Court had previously found these arguments frivolous and groundless in the bench opinion for his 2017 tax year and warned him against repeating those frivolous arguments in this case. We further warned petitioner that "[s]ection 6673 of the Internal Revenue Code authorizes me to impose a significant penalty if I conclude that you're repeating frivolous, groundless arguments that were already rejected by this Court in a previous case." In response, petitioner stated: "So right now I'm only relying on the Department of Homeland Security document. I'm not making any of those previous arguments. None of that. So that's the only thing I have to offer for this entire case right now." Relying on the DHS letter, he stated that he did not believe that he was a U.S. citizen and therefore, the IRS did not have "any standing to make any claims against [him]." Thus, petitioner abandoned the frivolous arguments that he had raised in this case and pressed forward only his citizenship argument. In closing, he stated: "I guess I'll add that I haven't made any of the previous arguments that were found frivolous today, so we can all take note of that."

On cross-examination, respondent asked petitioner basic questions such as where he was employed during the year in issue, whether he received money from Frontier, the amount he reported as withholding, whether in his deficiency proceeding for the 2017 tax year he also had Form W–2 income from Frontier, and how he earned a living. Petitioner gave nonresponsive and evasive answers to all of respondent's questions or stated that he did not understand the words that respondent's counsel used in formulating her questions.[10]

---

[10] Q: Mr. Supinger during the year 2018, you were employed by Frontier California, Inc., or Frontier Communications, correct?

A: I do not recall.

Q: You received $102,533 from Frontier California, Inc., or Frontier Communications in the year 2018, correct?

A: I do not recall.

Q: You received payments from Frontier California or Frontier Communications, Inc., in 2018?

[*7]                                        OPINION

I.      *Burden of Proof*

In general, the Commissioner's determination in a Notice of Deficiency is presumed correct, and the taxpayer has the burden of proving otherwise.[11] Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In unreported income cases, the Commissioner must either establish a minimal evidentiary showing connecting the taxpayer with the alleged income-producing activity or demonstrate that the taxpayer actually received unreported income. *See Walquist v. Commissioner*, 152 T.C. 61, 67 (2019); *see also Williams v. Commissioner*, 999 F.2d 760, 763–64 (4th Cir. 1993), *aff'g* T.C. Memo. 1992-153. Only after the Commissioner makes the required threshold showing does the burden shift to the taxpayer to prove by a preponderance of the evidence that

---

A: I do not recall.

. . . .

Q: Mr. Supinger, you reported $7,843.78 of withholding, isn't that correct?

A: I don't recall.

Q: You had a previous Tax Court case at docket number 10957-20, correct?

A: I don't know if that was the number.

Q: In that case, you had W–2 income from Frontier California or Frontier Communications, did you not?

A: I don't recall. That was, like, two years ago, I think.

Q: Do you know what Frontier California or Frontier Communications is?

A: Technically, no.

Q: What do you mean when you say "technically, no"?

A: No, I don't know. I don't own that company, if it's a company. So I have no knowledge of that question.

Q: Mr. Supinger, how do you make money?

A: Make it? I don't make it.

Q: How do you earn a living?

A: I don't know. I don't understand the words that you're using, to be honest.

[11] Under section 7491(a), the burden of proof may shift to the Commissioner as to certain factual issues relevant to a taxpayer's tax liability if the taxpayer meets certain conditions. *See Higbee v. Commissioner*, 116 T.C. 438, 440–43 (2001). Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has he established that the requirements for shifting the burden of proof have been met. Accordingly, the burden of proof remains on petitioner. *See* § 7491(a)(2).

[*8] the IRS's determination is arbitrary or erroneous. *Walquist*, 152 T.C. at 67–68 (citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935)). The Commissioner may not rely solely on a third-party report of income, such as Form W–2, if the taxpayer raises a reasonable dispute concerning the accuracy of the report. *Muhammad v. Commissioner*, T.C. Memo. 2021-77, at *6, *aff'd*, No. 21-71307, 2023 WL 2184819 (9th Cir. Feb. 23, 2023); *see* § 6201(d).

Respondent introduced into evidence Form W–2 from Frontier showing that petitioner received wages of $102,533 for the year in issue. Petitioner does not allege that he did not receive payments from Frontier during the year in issue or that he received payments in a lower amount. Because petitioner has not raised a reasonable dispute concerning the accuracy of the Form W–2, section 6201(d) does not apply. We hold that the Form W–2 from Frontier establishes the requisite evidentiary foundation and that the presumption of correctness attaches to respondent's income adjustment. *See Silver v. Commissioner*, T.C. Memo. 2021-98, at *5; *Oman v. Commissioner*, T.C. Memo. 2010-276, 2010 WL 5209360, at *4–5. Petitioner bears the burden of proving that the deficiency determination for the year in issue is incorrect.

II.    *Reporting of Income*

Section 61(a)(1) defines gross income as "all income from whatever source derived," including "[c]ompensation for services." Wages and salaries are compensation for services that are includible in gross income. *See* Treas. Reg. § 1.61-2(a).

Petitioner did not advance any nonfrivolous arguments or offer any credible evidence showing that the wages he received were not gross income. After the Court warned petitioner in its bench opinion for his 2017 tax year that his arguments were frivolous and groundless, he abandoned them in this case. However, he forged ahead with a frivolous argument not raised in his deficiency proceeding for the 2017 tax year, but raised and rejected by the Court in his deficiency proceeding for the 2019 tax year, that the wages listed on the Form W–2 issued by Frontier are not taxable to him because he "is not a U.S. citizen" and "no evidence exists to the contrary." As with his other abandoned arguments, this argument is of a type that we have repeatedly rejected as frivolous. *See Wnuck v. Commissioner*, 136 T.C. 498, 503–09 (2011); *Worsham v. Commissioner*, T.C. Memo. 2012-219, 2012 WL 3101491, at *4–5, *aff'd*, 531 F. App'x 310 (4th Cir. 2013). We will not refute petitioner's frivolous argument with somber reasoning and copious citation of precedent

[*9] because to do so might suggest that it has some colorable merit. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). We hold that petitioner received wages of $102,533 during the year in issue which he failed to include in his gross income for that year.

III. *Section 6662(a) Accuracy-Related Penalty*

Respondent also determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a). The penalty under section 6662(a) applies only where a valid return has been filed. *See* § 6664(b); *Williams v. Commissioner*, 114 T.C. 136, 139–43 (2000). We therefore must determine whether the Form 1040 petitioner filed for the year in issue constitutes a valid return. *See Williams*, 114 T.C. at 139. We conclude that it does not.

To determine whether a return is valid for purposes of imposing the section 6662(a) accuracy-related penalty, we follow the test enunciated in *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd per curiam*, 793 F.2d 139 (6th Cir. 1986). *See Williams*, 114 T.C. at 139–40. To be valid under *Beard*, 82 T.C. at 777:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

Petitioner's Form 1040 satisfies neither the first nor the third criteria.

On the Form 1040, petitioner reported zero income and federal income tax withheld of $7,844. Petitioner's return did not report any money received from any source and reflects zero-dollar entries for income and all other lines except for the $7,844 that he reported as federal income tax withheld. He claimed a refund for this entire amount. The Form 1040 does not contain sufficient data to calculate petitioner's tax liability because it does not include the sources of the reported withholding. *See Swanson v. Commissioner*, T.C. Memo. 2024-105, at *5–6, *aff'd*, No. 25-10427, 2025 WL 1305834 (11th Cir. May 6, 2025); *Wells v. Commissioner*, T.C. Memo. 2018-188, at *2–3, *6–7. This Court has held that a tax return containing only zeros is not a valid return because it does not contain sufficient information for the Commissioner to calculate and assess a tax liability. *See Cabirac v. Commissioner*, 120 T.C. 163, 169 (2003) (holding that filing a zero return does not constitute

**[\*10]** an honest and reasonable attempt to supply the information required by the Code), *aff'd*, No. 03-3157, 2004 WL 7318960 (3d Cir. Feb. 10, 2004); *Reiff v. Commissioner*, 77 T.C. 1169, 1177–78 (1981) (holding that filed zero return did not constitute a valid return because it did not contain sufficient data from which the IRS could compute and assess taxpayer's income tax liability).

Further, petitioner's filing of a zero return and failure to report his wages despite Frontier's issuing him an amended Form W–2 that reported wages of $102,533 was not an honest and reasonable attempt to satisfy the requirements of the tax law. *See Richmond v. Commissioner*, T.C. Memo. 2011-251, 2011 WL 5105752, at \*2 (holding that taxpayer's zero return did not contain "sufficient data to calculate a tax liability" and did not constitute "an honest and reasonable attempt to satisfy the requirements of the tax law"), *aff'd*, 474 F. App'x 754 (10th Cir. 2012); *Ulloa v. Commissioner*, T.C. Memo. 2010-68, 2010 WL 1330387, at \*8 (same); *see also Fowler v. Commissioner*, 155 T.C. 106, 112 (2020) (stating that the honest-and-reasonable requirement "distinguishes a tax protester 'zero return' (e.g., a document purporting to be a return that contains only zeros on the relevant lines) from a return that on its face shows an attempt to properly report income and deductions"). Petitioner's Form 1040 thus fails to satisfy the *Beard* test and is invalid. Accordingly, petitioner is not liable for the section 6662(a) accuracy-related penalty determined by respondent.

IV.     *Section 6651(a)(1) Addition to Tax*

Respondent bears the burden of producing sufficient evidence to show that it is appropriate to impose the addition to tax. *See* § 7491(c); *Wheeler v. Commissioner*, 127 T.C. 200, 206 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008); *Higbee*, 116 T.C. at 446–47.[12] Generally, once the Commissioner meets the burden of production under section 7491(c), the taxpayer bears the burden of proving the addition to tax does not apply because of reasonable cause or other exculpatory factors. *Wheeler*, 127 T.C. at 206; *Higbee*, 116 T.C. at 447. However, under Rule 142(a), the Commissioner bears the burden of proof "in respect of any new matter." *See RERI Holdings I, LLC v. Commissioner*, 149 T.C. 1, 38–39 (2017), *aff'd sub nom. Blau v. Commissioner*, 924 F.3d 1261 (D.C. Cir. 2019); *Rader v. Commissioner*, 143 T.C. 376, 389 (2014), *aff'd in part, appeal dismissed in part*, 616 F. App'x 391 (10th Cir. 2015). Because respondent

---

[12] The section 6751(b)(1) written supervisory approval requirement does not apply to the section 6651 addition to tax. § 6751(b)(2)(A).

**[\*11]** asserted the section 6651(a)(1) addition to tax in his First Amendment to Answer, and not in the Notice, it is a new matter on which he bears the burden of proof. *See Evans v. Commissioner*, T.C. Memo. 2010-207, 2010 WL 3735709, at \*6. Thus, respondent bears the burden of proving the absence of reasonable cause (i.e., that there were no exculpatory factors) to justify the imposition of the addition to tax. *See RERI Holdings*, 149 T.C. at 39 (citing *Rader*, 143 T.C. at 389).

Section 6651(a)(1) imposes an addition to tax if a taxpayer fails to timely file a required income tax return, unless the taxpayer proves that such failure is due to reasonable cause and not due to willful neglect. *United States v. Boyle*, 469 U.S. 241, 245 (1985). The addition to tax under section 6651(a)(1) is 5% of the tax required to be shown on the return if the failure to file does not exceed 1 month, with an additional 5% per month while the failure continues, up to a maximum of 25%. A return is generally considered filed with the IRS when the return is delivered to and received by the IRS. *See, e.g.*, *United States v. Lombardo*, 241 U.S. 73, 76 (1916); *Trout v. Commissioner*, 131 T.C. 239, 246 (2008). To determine whether a taxpayer has filed a valid return for purposes of section 6651(a)(1), the Court looks to the test in *Beard*. *See Wells*, T.C. Memo. 2018-188, at \*6 (citing *Beard*, 82 T.C. at 777). The Court in *Beard* analyzed whether the taxpayer filed a valid return to determine whether the taxpayer was liable for the section 6651(a)(1) addition to tax.

Respondent satisfied the burden of proof by introducing into evidence a transcript of petitioner's zero return and petitioner's 2018 wage and income transcript showing that Form W–2 was issued to petitioner. *See Phillips v. Commissioner*, T.C. Memo. 2008-9, 2008 WL 199726, at \*3 (citing *Cabirac*, 120 T.C. at 169); *see also Perkins v. Commissioner*, T.C. Memo. 2011-207, 2011 WL 3806122, at \*2. At trial, respondent's counsel attempted to question petitioner as to whether he was employed by Frontier during 2018, his receipt of payments from Frontier in 2018, the withholdings that he reported on his Form 1040, the facts of his previous Tax Court case No. 10957-20 (which was similar to this case), whether he knew what Frontier was, and how he earned a living. Petitioner gave nonresponsive or evasive answers to all questions. The evidence establishes that petitioner earned wages from Frontier and that he should have, but did not, report them on his Form 1040. Petitioner's conduct at trial was an attempt to stonewall respondent's counsel to prevent respondent from establishing the factual elements relating to petitioner's reporting of income, the deficiency, and the potential application of the section 6651(a) addition

**[*12]** to tax. Petitioner's attempt to thwart respondent's satisfying his burden of proof is to no avail.

We hold that respondent has satisfied his burden of proof as to the section 6651(a)(1) addition to tax through the evidence received at trial (specifically the transcript of petitioner's zero return and his 2018 wage and income transcript showing that a Form W–2 was issued to him) and respondent's counsel's attempts to elicit testimony from petitioner at trial regarding the facts surrounding the deficiency and the imposition of the section 6651(a)(1) addition to tax including any facts regarding reasonable cause. The evidence before us and petitioner's conduct at trial indicate that he did not act with reasonable cause and in good faith with respect to the zero return. Therefore, respondent's determination that petitioner is liable for the section 6651(a)(1) addition to tax is sustained.

## V.     *Section 6673 Penalty*

### A.     *Generally*

In the First Amendment to Answer, and at trial in an oral Motion to Impose Sanctions, respondent requests that we impose a $10,000 penalty on petitioner under section 6673. Respondent asserts that a sanction is appropriate because petitioner instituted this proceeding primarily for delay under section 6673(a)(1)(A) and his position is frivolous or groundless under section 6673(a)(1)(B). Additionally, in further support of his Motion to Impose Sanctions, respondent highlights petitioner's pattern of behavior that includes filing returns based on frivolous positions and, after a Notice of Deficiency was issued, filing a Petition in this Court advancing frivolous arguments.

In pertinent part, section 6673(a)(1) provides for a penalty of up to $25,000 if a taxpayer has instituted or maintained a proceeding before the Tax Court primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. "A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." *Rader*, 143 T.C. at 392 (quoting *Goff v. Commissioner*, 135 T.C. 231, 237 (2010)); *see also Worsham v. Commissioner*, T.C. Memo. 2019-155, at *5, *aff'd*, 816 F. App'x 874 (4th Cir. 2020). Furthermore, "[t]he purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." *Takaba v. Commissioner*, 119 T.C. 285, 295 (2002). Given the public policy interest

**[\*13]** in deterring abuse and waste of judicial resources, the Court is given considerable latitude in determining whether to impose a penalty and in what amount. *Smith v. Commissioner*, T.C. Memo. 2019-111, at \*13, *aff'd*, No. 20-70698, 2022 WL 576011 (9th Cir. Feb. 25, 2022); *Leyshon v. Commissioner*, T.C. Memo. 2015-104, at \*24, *aff'd*, 649 F. App'x 299 (4th Cir. 2016).

### B. *Judicial Notice of Petitioner's Other Tax Court Cases*

As stated *supra* pp. 4–6, petitioner has a history of taking frivolous positions with respect to his tax liabilities, and he has continued to take frivolous positions in this case. These include the frivolous arguments that petitioner asserted in the deficiency proceeding for the 2017 tax year, the multiple warnings that he received from the Court in that case, and the $5,000 penalty that the Court ultimately imposed upon him pursuant to section 6673.[13]

This history also includes petitioner's deficiency proceeding for the 2019 tax year, No. 4810-23, where petitioner continued his pattern of advancing frivolous positions. In that case he disputed the 2019 Notice that determined that he failed to report Form W–2 wages for the 2019 tax year. In his petition challenging the 2019 Notice he stated that he "was not involved in any revenue taxable activity." In support of that position, on February 8, 2024, petitioner filed a motion for summary judgment (Doc. 24) and an affidavit (Doc. 23) asserting that (1) he is not a U.S. citizen, (2) he is not a U.S. resident, and (3) "[n]o equitable contract exists between that [sic] parties in which petitioner is liable to respondent for a debt." Just as in this case, petitioner submitted a letter that he solicited from DHS regarding his citizenship status. Petitioner filed a FOIA request to DHS for any documents relating to his citizenship status, to which DHS replied: "No records responsive to your

---

[13] The bench opinion that the Court rendered in No. 10957-20 informed petitioner that he could file a motion for reconsideration relating, in part, to the Court's imposition of a $5,000 penalty pursuant to section 6673. *See* Transcript of Bench Opinion at 17–18, *Supinger v. Commissioner*, No. 10957-20. The Court specifically instructed petitioner that the motion for consideration could offer petitioner's

> assurance that he will not hereafter repeat his frivolous arguments in future litigation but will acknowledge that, under the law as the courts unanimously construe it, he owes Federal income tax on the compensation he receives for his work. An unequivocal commitment to that effect by Mr. Supinger could prompt a reduction in the amount of the penalty.

*Id.* at 18. Petitioner did not file a motion for reconsideration or otherwise provide the Court with assurance that he would cease making frivolous arguments in the future.

[*14] request were located."[14] On February 12, 2024, the Court in No. 4810-23 issued an order (Doc. 25) denying the motion for summary judgment and rejecting several arguments, including petitioner's citizenship argument relying on the DHS letter, as frivolous. The Court again warned petitioner: "Persisting in such contentions would increase the likelihood that he will be sanctioned under section 6673(a)."

On March 20, 2024, approximately two weeks before the trial in No. 4810-23, the Court issued an order (Doc. 28) again warning petitioner that it would take judicial notice of the Tax Court record in his other two cases (this case, No. 13680-22, and No. 10957-20). Only then did petitioner correct his behavior, and on April 2, 2024, he filed a motion to dismiss the petition in No. 4810-23 (Doc. 31). In the motion to dismiss, petitioner stated that

> 1. Petitioner has recently been in contact with counsel, who discussed petitioner's current position in this case.
>
> 2. Since that discussion, petitioner has had time to reflect on his current thoughts and beliefs on the issue at hand.
>
> 3. Petitioner has since experienced a radical change of mind and realizes his errors.
>
> 4. Petitioner has no further interest in arguing his past beliefs before this court, nor will he continue to do so.
>
> 5. Petitioner hereby promises not to bring any further petitions before this court, and to cease any further frivolous arguments.
>
> . . . .
>
> 8. Petitioner brings this motion in good faith and apologizes to all involved for bringing forth any frivolous claims and/or arguments before this court.

---

[14] In the Affidavit in support of the Motion for Summary Judgment, petitioner stated: "I Jack Supinger am a native-born Ohioan." This statement is a predicate for a common tax-protester argument based on the Fourteenth Amendment to the U.S. Constitution that all Americans are citizens of individual states rather than citizens of the United States and therefore, the U.S. government does not have the power to tax citizens. We have rejected this argument before. *See Roytburd v. Commissioner*, T.C. Memo. 2008-198, 2008 WL 3914935, at *2–3.

[*15] 9. Petitioner hereby rescinds all frivolous arguments that he has made in the past.

On April 5, 2024, the Court entered an order and decision (Doc. 34). In the order and decision, the Court stated that it took petitioner's words disclaiming his prior arguments at face value, gave no further consideration to imposing a penalty on him under section 6673, and entered an order and decision granting petitioner's motion to dismiss and dismissed the case with prejudice.

C. *Analysis*

After the Court issued the order and decision in No. 4810-23, on April 10, 2024, the Court issued an order (Status Report Order) (Doc. 61) to petitioner in this case offering him an opportunity to abandon his frivolous argument in the instant case. Specifically, the Status Report Order provided that in light of his motion to dismiss in No. 4810-23 wherein he stated that he "promise[d] not to bring any further petitions before this court, and to cease any further frivolous arguments" he was directed on or before May 10, 2024, to "file with the Court a status report or any motions he deems appropriate at that time, regarding his views with respect to the instant case." Petitioner did not respond to the Status Report Order.

Despite petitioner's recantation and assurances that he would abandon frivolous arguments, he has done so only partially in this case. His activities and arguments before this Court replicate those that the Court has rejected in the past. We credit petitioner for heeding our warning at the start of his trial and abandoning many of the arguments that the Court has previously found frivolous; however, he persisted on the citizenship argument.

We note that the trial in this case preceded the Court's order denying petitioner's motion for summary judgment in No. 4810-23 where it rejected petitioner's citizenship argument as frivolous. However, after the Court entered the order and decision in No. 4810-23, we issued the Status Report Order, which was intended to prompt petitioner to correct himself and abandon the frivolous citizenship argument as he did in No. 4810-23. Petitioner's failure to respond to the Status Report Order is telling and a reversal of his assurances to the Court in No. 4810-23 that he would cease any further frivolous arguments.

**[\*16]** Moreover, we see little reason why petitioner instituted this proceeding except to delay the collection of federal income tax due and owing. Petitioner has wasted his time, as well as the time of respondent's employees and officers, and the Court's time in disposing of this case. Petitioner is deserving of a substantial penalty. As the Court's prior warnings and sanction appear to have left petitioner undeterred, we will grant respondent's Motion to Impose Sanctions and impose a penalty of $10,000. In determining the amount of this penalty, we credit petitioner for abandoning his other frivolous arguments after receiving this Court's warning at trial. However, we again warn petitioner that, should he persist and continue to raise frivolous or groundless arguments[15] before the Court in the future, he may be subject to the full $25,000 penalty pursuant to section 6673.

VI.    *Conclusion*

We hold that petitioner is liable for the deficiency and the section 6651(a)(1) addition to tax but not the section 6662(a) accuracy-related penalty determined by respondent with respect to the year in issue. We also hold that petitioner is liable for a $10,000 section 6673 penalty. We have considered all arguments made and facts presented in reaching our holdings, and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[15] The IRS publishes and occasionally updates "The Truth About Frivolous Tax Arguments," a compendium of frivolous positions and the caselaw refuting them. Internal Revenue Serv., The Truth About Frivolous Tax Arguments (March 2022), https://www.irs.gov/pub/irs-counsel/2022-the-truth-about-frivolous-tax-arguments. pdf. The compendium clearly explains why the citizenship argument that petitioner raised is frivolous. Petitioner should review this compendium before filing any future petition with the Court. If petitioner files a petition in the Court relying on an argument that has been determined to be frivolous in the Truth About Frivolous Tax Arguments, the Court may consider it an aggravating factor in support of a larger penalty than that imposed in this case.